JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS BORJAS CANALES,<br>    Plaintiff,<br><br>        v.<br><br>VOLVIK USA, INC.,<br>    Defendant. | 2:23-cv-7534-DSF-KSx<br><br>Order GRANTING Motion for Leave to File Second Amended Complaint; Order REMANDING Case |

    Plaintiff moves for leave to file a second amended complaint to add a non-diverse Defendant, Hannah Chandley. Defendant Volvik USA, Inc. opposes the motion. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

    While leave to amend under Rule 15(a) is typically freely given, an amendment that would destroy the Court's jurisdiction is subject to special considerations.

    "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

While the Ninth Circuit has not articulated a specific analysis to follow, courts within the Ninth Circuit have considered six factors in determining whether to permit joinder under § 1447(e):

> (1) whether the new defendants should be joined under [Federal Rule of Civil Procedure] 19(a) as needed for just adjudication; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000) (simplified).

While Plaintiff failed to address these factors formally in his initial motion, he nonetheless did address the most salient considerations relevant to this particular case. When the case was first filed in state court, Plaintiff named "Hana LNU" as a defendant. "Hana LNU" was alleged to be Plaintiff's supervisor who "harassed and ridiculed" Plaintiff based on several protected characteristics. See Compl. (Dkt. 1-1) ¶ 18. After the case was pending for three months in state court, Plaintiff agreed at a status conference to dismiss "Hana LNU" given his inability to determine her true identity. Harlow Decl. ¶¶ 3-4; Dkt. 1-3 (status conference minute order).

There is no evidence in the record that Plaintiff intended to abandon his substantive claims against his supervisor other than due to his inability to determine her true identity. "Hana LNU" was identified as a particular person in the original complaint and in the first amended complaint. Plaintiff's counsel claims that he attempted, post-removal, to acquire the supervisor's true name from Defendant, but was unable to do so until the service of initial disclosures on December 18, 2023, three months after removal. Harlow Reply Decl. ¶¶ 4-6. Plaintiff's counsel further claims that he approached

Defendant's counsel as early as September 21 with a possible identification of "Hana LNU," but Defendant's counsel did not conclusively affirm the identification until the service of initial disclosures.  Harlow Reply Decl. ¶ 4.  The Court sees no reason to doubt these representations by counsel.

In this context, the Court finds that there has not been excessive unexplained delay and that the amendment is not solely for the purpose of destroying federal jurisdiction.  There appears to be no dispute that the claims against the non-diverse defendant are at least plausibly valid.  And while Chandley's joinder does not appear to be required under Rule 19 and there appears to be no potential statute of limitations bar to suing her in a separate action, proceeding in two separate actions concerning the identical course of events would be a poor use of the resources of both the parties and the courts.

The only meaningful counterargument is that Plaintiff should not have dismissed "Hana LNU" in state court and opened up the possibility of removal.  But this appears to have been a procedural miscalculation rather than a substantive strategic mistake that Plaintiff now regrets.  In other words, there is no evidence that Plaintiff ever intended to abandon his substantive claims against Chandley other than due to his inability to identify her at that time.

The motion for leave to amend is GRANTED.  The Court deems the proposed Second Amended Complaint to be filed and REMANDS the case to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: March 4, 2024

Dale S. Fischer
United States District Judge